**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER OF ABATEMENT

Appellate case name:      Ex parte Shawn Paul Robinson

Appellate case number:   01-22-00583-CR

Trial court case number:  1751891

Trial court:                      351st District Court of Harris County

Appellant, through counsel, filed a notice of appeal from the trial court's order denying his application for writ of habeas corpus. The complete appellate record has been filed with this Court. After a review of the appellate record, on August 18, 2022, the Court ordered the parties to submit briefing. *See* TEX. R. APP. P. 31.1. The Court's order set a deadline for appellant to file his brief on or before September 7, 2022. However, no brief was filed. Accordingly, on September 20, 2022, the Court notified appellant unless he filed his brief within ten days of the Court's notice, the appeal would be abated and the trial court would be directed to conduct a hearing to determine the reason for the failure to timely file a brief.

Appellant did not file a brief in response to the Court's September 20, 2022 notice. Accordingly, we abate the appeal and remand for the trial court to immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's appointed counsel, Mark Bennett, shall be present. TEX. R. APP. P. 38.8(b)(2). Appellant shall also be present for the hearing in person or, if he is incarcerated, at the trial court's discretion, he may participate in the hearing by closed-circuit video teleconferencing.[1]

The trial court is directed to:

(1)    determine whether appellant wishes to prosecute the appeal;
(2)    if appellant wishes to prosecute the appeal, determine whether good cause exists to relieve Mark Bennett of his duties as appellant's counsel;

---

[1]    Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On his request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the State's attorney.

(3) if good cause exists, enter a written order relieving Mark Bennett of his duties as appellant's counsel, including in the order the basis for and finding of good cause, and appointing substitute appellate counsel at no expense to appellant;

(4) if good cause does not exist, set a date when appellant's brief is due, no later than twenty days from the date of the hearing, regardless of whether this Court has yet reinstated the appeal;

(5) make any other findings and recommendations the trial court deems appropriate; and

(6) enter written findings of fact, conclusions of law, and recommendations as to these issues.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), 26.04(j)(2); TEX. R. APP. P. 38.8(b).

The trial court shall have a court reporter record the hearing and file the reporter's record with this Court within ten days of the date of hearing conducted by the trial court in accordance with this order. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court within ten days of the date of the hearing conducted by the trial court in accordance this order.

The appeal is **abated**, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record of the hearing are filed in this Court. The court coordinator of the trial court shall set a hearing date within fourteen days of the date of this order and notify the parties and the Clerk of this Court of such date.

It is so **ORDERED**.


Judge's signature: ___/s/ Amparo Guerra_____
        ☑ Acting individually    ☐ Acting for the Court

Date: ___October 6, 2022_____

2